IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Janice Marie Cross;<br>John David Cross, Husband and Intervenor,<br><br>      Plaintiff,<br><br>vs.<br><br>Deutsche Bank Trust Company Americas as Trustee for RALI2007QS8,<br><br>      Defendant.<br>_____ | C/A No.: 3:11-1118-CMC-PJG<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, proceeding *pro se*, files this matter seeking to void a state court judgment of foreclosure on her real property. She also asks this court to schedule a hearing, and sanction a Lexington County Master-in-Equity for alleged judicial misconduct. These allegations arose out of a November 16, 2009 proceeding wherein the defendant initiated a foreclosure action in the Lexington County Court of Common Pleas against Plaintiff. The case was referred to the Lexington County Master-in-Equity for resolution. A review of the public records index reveals that this matter concluded on January 21, 2011, by a judgment of foreclosure.

This is the second case the Plaintiff has filed in this court in an attempt to reverse a judgment of foreclosure on her home. See Cross v. Deutche Bank Trust Co. Americas, Civil Action No. 3:11-1010-CMC-PJG; Aloe Creme Lab., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records); Mann v. Peoples First Nat'l Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the

most frequent use of judicial notice is in noticing the content of court records.'"). She alleges that her property was foreclosed upon by someone who did not hold a lawful note and mortgage on the property. She alleges the documents presented by the defendant were counterfeit. She lists various federal criminal statutes, claiming the defendant has committed federal crimes, and she maintains that there have been Uniform Commercial Code ("UCC") violations. She states that perjured testimony was given by the defendant and alleges it committed fraud. According to the Complaint, her Fourth, Fifth, and Fourteenth Amendment rights have been violated. She also references the Fair Debt Collection Practices Act ("FDCPA"). Furthermore, she seeks reconsideration of the decision to deny her emergency relief in the prior case, noted above.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint. This review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating

a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Plaintiff has filed the above-captioned case alleging violations of, among other things, her Fourth, Fifth, and Fourteenth Amendment rights and the Fair Debt Collection Practices Act ("FDCPA").  Although Plaintiff submits additional documentation in this matter, her Complaint is essentially duplicative to the claims raised in Civil Action No. 3:11-1010-CMC-PJG.[1]  Thus, for the same reasons provided by the Honorable Cameron

---

[1] Plaintiff apparently believed that because Civil Action No. 3:11-1010-CMC-PJG sought a temporary restraining order she had to file a separate complaint for additional relief.  (See Compl., ECF No 1 at 1-2.)



McGowan Currie in her order filed April 28, 2011 and in the undersigned's Report and Recommendation dated June 17, 2011, both in Civil Action No. 3:11-1010-CMC-PJG, this court lacks subject matter jurisdiction over the issues presented.

### RECOMMENDATION

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance and service of process because this court lacks subject-matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3); see also Fed. R. Civ. P.  41(b), which provides that a dismissal for lack of jurisdiction is *not* deemed to be an adjudication on the merits.  It is further recommended that Plaintiff's motion to vacate the state court judgment (ECF No. 6), as well as her motion to strike, motion for summary judgment, and motion for a hearing (ECF No. 13), be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 1, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).